# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED D. JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. SACV 15-01959-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On November 23, 2015, Alfred D. Johnson ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on March 15, 2016. On July 25, 2016, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and this case

remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

## BACKGROUND

Plaintiff is a 35-year-old male who applied for Social Security Disability Insurance benefits on April 8, 2014, and Supplemental Security Income benefits on April 24, 2014, alleging disability beginning September 27, 2011. (AR 21.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since September 27, 2011, the alleged onset date. (AR 23.)

Plaintiff's claims were denied initially on September 5, 2014 and on reconsideration on December 12, 2014. (AR 21.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Joan Ho on April 7, 2015, in Orange, California. (AR 21.) Plaintiff appeared and testified at the hearing without the assistance of an attorney or other representative. (AR 21.) Vocational expert ("VE") Alan L. Ey also appeared and testified at the hearing. (AR 21.)

The ALJ issued an unfavorable decision on May 11, 2015. (AR 21-30.) The Appeals Council denied review on September 23, 2015. (AR 4-6.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered physician assistant Kathryn Thompson's opinion.
2. Whether the ALJ properly considered Plaintiff's testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment

3

meets or equals one of the listed impairments, the claimant is presumptively disabled. <u>Bowen</u>, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. <u>Pinto v. Massanari</u>, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. <u>Moore v. Apfel</u>, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. <u>Parra</u>, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. <u>Lounsburry v. Barnhart</u>, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. <u>Id.</u>

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since September 27, 2011, the alleged onset date. (AR 23.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: chronic myelogenous leukemia ("CML"), generalized anxiety disorder, and paroxysmal atrial fibrillation. (AR 23-24.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 24-25.)

The ALJ then found that Plaintiff has the RFC to perform a range of sedentary work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

> Claimant can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; can stand and/or walk for a total of two hours, and sit for a total of six hours, in an eight-hour workday; can occasionally push and/or pull with the bilateral upper extremities; can occasionally operate foot controls with the bilateral lower extremities; is limited to work involving simple, routine and repetititve tasks but would be able to sustain attention and concentration skills sufficient to carry out work-like tasks with reasonable pace and persistence; and should have only occasional contact with coworkers, supervisors and the general public.

(AR 25-27.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 25.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as an appointment clerk, customer complaint clerk, and usher. (AR 27-28.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of final assembler, lens inserter, and document preparer. (AR 28-29.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 29-30.)

**DISCUSSION**

The ALJ decision must be reversed. The ALJ properly rejected the opinion of physician assistant Kathryn Thompson that Plaintiff is unable to work but erred in discounting Plaintiff's subjective symptom allegations regarding medication side effects.

## I. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

The only aspect of the medical evidence challenged by Plaintiff is the ALJ's rejection of physician assistant Kathryn Thompson's opinion that Plaintiff is unable to work because of medication side effects. The ALJ, however, rejected Ms. Thompson's opinion for germane reasons supported by substantial evidence.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.	Analysis**

Plaintiff alleges disability beginning September 27, 2011 (AR 21), but the medical evidence through September 2014 does not support disability. On April 14, 2012, Plaintiff underwent a complete orthopedic evaluation performed by Dr. Randy Clark, who assessed a medium work RFC despite complaints of low back pain. (AR 26, 349-353.) On July 19, 2012, Plaintiff underwent a complete psychiatric evaluation by Dr. Sean Buckley, who diagnosed generalized anxiety disorder. (AR 23, 24-26, 358-362.) Plaintiff's symptoms, however, were no more than moderate in degree and Claimant received only inconsistent and conservative mental health care for the period under review. (AR 24.) Dr. Buckley opined Plaintiff's symptoms would not preclude the performance of work involving simple repetitive tasks and

limited interaction. (AR 26.) The ALJ gave substantial weight to Dr. Buckley's mental RFC assessment (AR 27) and incorporated it into Plaintiff's RFC, which limits Plaintiff to simple, routine, and repetitive tasks and only occasional contact with co-workers, supervisors, and the general public. (AR 25.) The evidence of record documents no treatment for any impairment between July 2012 and September 2014. (AR 26.)

In September and October 2014, however, Plaintiff's medical condition worsened significantly when he was diagnosed with chronic myelogenous leukemia ("CML") and paroxysmal atrial fibrillation. (AR 23, 26.) Plaintiff began chemotherapy with Sprycel in December 2014 and also takes Diltiazem/Digoxin for his heart condition. (AR 378-79.) The medications have resulted in fatigue, nausea, and diarrhea. (AR 457-459.) He also has suffered weight loss, rectal bleeding, anemia, and lumps under his nipple due to his medications. (AR 457-459.) Nonetheless, Dr. John Godes, a consulting internist who examined Plaintiff on March 4, 2015, opined that Plaintiff could perform light work. (AR 26, 467-472.) Dr. Godes noted that Plaintiff had been feeling weak and tired, his weight dropped from 140 pounds to 116, and he was suffering from nausea, diarrhea, and rectal bleeding. (AR 467, 471.) Dr. Godes limited Plaintiff to light work and 2 hours of walking and standing in an 8 hour day because of "Claimant's generalized weakness, secondary to his condition, and side effects of medications." (AR 472.)

The ALJ found Dr. Godes' light work RFC consistent with the ALJ's sedentary RFC and with the evidence of record as a whole, "including due consideration for the side effects of the Claimant's treatment modalities." (AR 27.) The ALJ also found that Claimant's atrial fibrillation symptoms have occurred only intermittently and his leukemia does not of itself result in functional deficiencies. (AR 27.) The ALJ made a specific finding that Plaintiff's medication side effects had been taken into account. (AR 27.)

Plaintiff does not directly challenge any of the above findings regarding the objective medical evidence. Plaintiff, however, challenges the ALJ's rejection of the opinion of Kathryn Thompson, a physician's assistant to Plaintiff's oncologist Dr. Tiberio Lindgren. (AR 26, 27.) In a February 17, 2015 letter, Ms. Thompson stated that Plaintiff has "endured" the medication

8

side effects of "daily nausea, diarrhea and weight loss, rash, fatigue, headaches, body aches, dizziness, erectile dysfunction and palpitations." (AR 466.) She also noted rectal bleeding. (AR 466.) She opined that Plaintiff is "unable to sustain a job due to his treatment related side effects in addition to his various medical conditions." (AR 466.) The ALJ afforded Ms. Thompson's opinion "little weight" because Claimant's "treatment records as a whole do not reflect the degree of limiting symptomology cited by Ms. Thompson." (AR 27.)

The ALJ, of course, is not required to accept or give controlling or special weight to any opinion that a claimant is unable to work, as the issue of whether a claimant is unable to work is an administrative determination reserved to the Commissioner. See 20 C.F.R. § 404.1527(d)(1); McLeod v. Astrue, 640 F.3d 881, 884-85 (9th Cir. 2011). Although the issue of ability to work is reserved to the Commissioner, a treating source opinion that a claimant is unable to work nonetheless must be considered. SSR 96-5p, at *3 (1996 WL 374183); Carmona v. Astrue, 2012 WL 3257829, at *5 (C.D. Cal. Aug. 8, 2012). Similarly, as a lay witness, Ms. Thompson's testimony is "competent evidence that an ALJ must take into account" unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511-12 (9th Cir. 2001); Smolen, 80 F.3d at 1288-89. Inconsistency with the objective medical evidence is a germane reason for discounting lay witness testimony. Bayliss, 427 F.3d at 1218. There is objective medical evidence, most notably Dr. Godes' RFC assessment, that contradicts Ms. Thompson's opinion that Plaintiff is unable to work.

Thus, the ALJ did not err in rejecting Ms. Thompson's opinion that Plaintiff is unable to work for a germane reason supported by substantial evidence.

## II. THE ALJ ERRED IN DISCOUNTING PLAINTIFF'S SUBJECTIVE SYMPTOM ALLEGATIONS

Claimant contends that the ALJ improperly rejected Plaintiff's subjective symptom allegations. The Court agrees.

///
///

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (AR 25.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms are "not entirely credible." (AR 25.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The ALJ failed to do so.

The ALJ found that the medical evidence of record supported the sedentary RFC assessed. (AR 27.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for

discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). As already noted, there is objective medical evidence supporting the ALJ's RFC, particularly Dr. Godes' opinion.

Inconsistency with the medical evidence, however, is insufficient by itself to support rejection of a claimant's subjective symptoms. Burch, 409 F.3d at 680-81. The rationale for this restriction is that pain testimony may establish greater restrictions than can medical evidence alone. Id.; SSR 96-7p (1996 WL 374186). The same rule applies to medication side effects subjective testimony. Gallegos v. Astrue, 2010 WL 330242, at *2-3 (C.D. Cal. Jan. 20, 2010). Complaints of medication side effects must be accompanied by medical evidence and may be disregarded if unsupported by clinical findings. Id.

In this case, the ALJ cites only medical evidence in rejecting the credibility of Plaintiff's subjective testimony regarding medication side effects. There is a conclusory reference to "the claimant's reported activity level," but this finding is not explained or supported by any other evidence in the ALJ decision nor are any activities identified that are inconsistent with disability. Although daily activities inconsistent with subjective symptom allegations would be a basis for discounting credibility, Bunnell, 947 F.2d at 345-346, here the Commissioner concedes that the ALJ failed to identify any inconsistent activities. The Commissioner regarded the omission as harmless error because the ALJ enumerated other reasons for discounting Plaintiff's credibility. All of these other reasons, however, are subsets of the medical evidence. They are: (1) the objective medical evidence contradicts Plaintiff's subjective symptom allegations, (2) Plaintiff's treatment records do not corroborate his testimony and (3) Plaintiff's subjective symptom allegations are inconsistent with Dr. Godes' opinion. (JS 31-36.) Thus, the ALJ did not set forth any reasons for discounting Plaintiff's subjective symptom allegations other than inconsistency with the medical evidence.

The Commissioner contends that the ALJ adequately took into account Plaintiff's medication side effects. The Court does not agree. Let us examine the evidence. At the hearing, Plaintiff testified that he is unable to work because of medication side effects. (AR 67.) He identified nausea (AR 54), testified his weight was down to 122 pounds (AR 55), and

he has stopped going to school because he is always tired and fatigued and his brain is scattered. (AR 57.) He also testified, "And I'm always nauseated. I have to use the restroom all the time. It's embarrassing. I used the restroom on myself two weeks ago a little bit, because I couldn't get to the restroom in time." (AR 57.) He has to have his blood drawn all the time. (AR 57.) He testified he cannot go to school because of diarrhea and fatigue. (AR 60.) Medications do not relieve his nausea and vomiting. (AR 61.) He has diarrhea three or four times a day, "every day, all day." (AR 63.) He also suffers from headaches, blackouts, breast sensitivity, and rashes. (AR 67-68.) Plaintiff also submitted a statement to the Appeals Council detailing again his medication side effects. (AR 306-308.) He provided a list of all his side effects.[1] (AR 309.) When the ALJ asked the VE if Plaintiff would be able to work, if he required three unscheduled breaks of 10 minutes in addition to regularly scheduled breaks, the VE said no. (AR 76-77.)

Plaintiff's medication side effects are documented in his treatment records. Dr. Godes acknowledged that Plaintiff was feeling weak and tired, his weight dropped from 140 to 118 pounds, and he has nausea, diarrhea, and rectal bleeding. (AR 467.) The February 20, 2015 treatment note of the Hematology-Oncology Medical Group of Orange County documents rectal bleeding, continuing breast sensitivity, and loose stools more frequent (AR 457), and excessive fatigue, headaches, and nausea/loose stools. (AR 458.) The note also indicates rectal bleeding and a prescription of Xofran for nausea. (AR 458.) The February 17, 2015 letter from physician assistant Kathryn Thompson reports daily nausea, diarrhea and weight loss, rash, fatigue, headaches, body aches, dizziness, erectile dysfunction, palpitations, and rectal bleeding. (AR 466.) The letter also reports multiple trips to the ER for chest pain and palpitations. (AR 466.) A December 2014 treatment note indicated occasional difficulty of exertion ("DOE") episodes, one of which landed him in the ER. (AR 378.) The record also

---

[1] When the Appeals Council denies review, the ALJ's decision becomes the final decision of the Commissioner, and the Court reviews that decision for substantial evidence based on the record as a whole, including any new evidence submitted to and considered by the Appeals Council. Brewes v. Comm'r, 682 F.3d 1157, 1161-62 (9th Cir. 2011).

contains a letter dated April 16, 2015, from occupational therapist Satch Purcell who reported the Claimant's decreased mobility and inability to do everyday basic activities subsequent to his chemotherapy. (AR 27, 303.) In a May 19, 2015 medical note from St. Joseph's Medical Center that the Appeals Council made part of the record, Plaintiff's cardiologist Dr. Michael Chan reported that Plaintiff had shortness of breath ("SOB"), was fatigued, and had breast tenderness.[2] (AR 486.) He also reported fatigue and gastrointestinal bleeding. (AR 486.) As noted by the ALJ, social worker Christine Plantier submitted a letter dated January 15, 2015, indicating Plaintiff had withdrawn from school. (AR 26, 280.)

SSR 96-7p, at *2 indicates that an ALJ cannot make a single conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible" when evaluating subjective symptom testimony. The ALJ's determination must contain specific reasons supported by evidence in the record to make clear what weight was given to the individual's statements and the reasons for that weight. Id. Here, the ALJ's statement that the Claimant's medication side effects "have been taken into account" in formulating the ALJ's RFC assessment (AR 27) is plainly insufficient by itself.

The ALJ does offer other reasons. The ALJ gave Dr. Godes' sedentary RFC opinion great weight because it is based on his clinical observations and is generally consistent with the evidence of record "including due consideration for the side effects of the claimant's treating modalities." (AR 27.) Dr. Godes, however, did not review any medical records. (AR 467.) The Ninth Circuit gives limited weight to an opinion based on a one time examination without review of medical records. Reddick, 157 F.3d at 727. Even the ALJ did not accept Dr. Godes' light work RFC (AR 26), choosing instead a sedentary RFC. (AR 27.) In any event, Dr. Godes' RFC assessment, even if fully credited, is a medical opinion legally insufficient by itself to support rejection of Plaintiff's credibility.

---

[2] The one page medical note states it is 1 of 3 pages. The Court assumes there were two more pages not included.

13

The ALJ's most specific reason for questioning Plaintiff's credibility is that the evidence of record does not corroborate excessive fatigue. (AR 27.) In fact, the ALJ states that Plaintiff denied excessive fatigue in reports to his oncologist in October and December 2014, and there are no reports of nausea and diarrhea in the October through December 2 medical records. (AR 27.) An ALJ can discount a claimant's credibility for failure to tell physicians of side effects. Eicholtz v. Astrue, 2008 WL 4642976, at *3 (C.D. Cal. Oct. 20, 2008). Plaintiff, however, consistently told his physicians and others of his medication side effects <u>after</u> his chemotherapy began. The problem with the ALJ's reasoning is that Plaintiff did not begin the Sprycel chemotherapy, which is the cause of Plaintiff's fatigue, nausea, and diarrhea, until on or after the December visit. Nor is it accurate to say that the only reports of excessive fatigue and diarrhea appear to be in Ms. Thompson's notes. (AR 27.) Dr. Godes, on March 4, 2015, <u>after</u> chemotherapy had begun, reported generalized weakness, nausea, and diarrhea. (AR 467, 471, 472.) Dr. Chan also reported fatigue. (AR 486.)

The ALJ also states that a January 2015 treatment note reflects no gastrointestinal complaints. (AR 27.) The problem with this finding is that Dr. Godes on March 4, 2015, acknowledged Plaintiff's GI symptoms of nausea and diarrhea. (AR 471.) So did the oncologist's office in February 2015. (AR 458, 459, 466.) Dr. Chan also recognized gastrointestinal bleeding. (AR 486.)

The ALJ has not provided clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. There is no dispute that Plaintiff has the medically determinable severe impairment of leukemia and atrial fibrillation. The medical evidence and lay witness testimony subsequent to the inception of Plaintiff's chemotherapy supports the existence of the medication side effects alleged by Plaintiff. The ALJ, therefore, was required to proffer clear and convincing reasons supported by substantial evidence for rejecting Plaintiff's subjective symptom testimony about the severity of his medication side effects. The ALJ, however, only offers arguments based on medical evidence or lack thereof that prove on analysis to be contrary to the record or inapplicable, and in any event are

insufficient alone. The ALJ's reasons for discounting Plaintiff's credibility for the period after December 2014 are neither clear and convincing nor supported by substantial evidence.

The Court perceives another deficiency in the ALJ decision. The ALJ addressed individual medication side effects such as fatigue, nausea, diarrhea, and gastrointestinal complaints but, other than a generalized statement that the RFC takes into account Plaintiff's medication side effects (AR 27), the ALJ does not appear to have considered the combined effect of these side effects. An ALJ must consider a claimant's illness in combination and "not be fragmentized in evaluating the effects." Beecher v. Heckler, 756 F.2d 693, 694-95 (9th Cir. 1985). An ALJ must consider the combined effect of all of a claimant's impairments in his or her ability to function "without regard to whether each alone was sufficiently severe." Smolen, 80 F.3d at 1290. Claimant set forth a list of medication side effects. (AR 309.) These side effects in combination were sufficient to compel Plaintiff to drop out of school. (AR 280, 303.) The ALJ did not offer any explanation how a claimant who is unable to attend school because of his impairments and limitations can work a full-time job.

The ALJ erred in discounting Plaintiff's subjective symptom allegations regarding his medication side effects. Thus, the ALJ's RFC is not supported by substantial evidence. Nor is the ALJ's finding at step five of the sequential process that Plaintiff is capable of performing work in the national economy.

### III. REMAND IS APPROPRIATE

Plaintiff argues that, under the "credit as true" doctrine, he is entitled to immediate payment of benefits rather than a remand for further proceedings. Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). As Plaintiff acknowledges, however, before crediting as true rejected evidence, a district court must determine that the record has been fully developed and further administrative proceedings would serve no useful purpose. Id.; see also Dominguez v. Colvin, 808 F.3d 403, 409 (9th Cir. 2015) (district court must assess whether there are outstanding issues requiring resolution before crediting improperly rejected testimony as true).

Here, there is an issue that is insufficiently developed and unresolved that bears on Plaintiff's eligibility for benefits, namely the 12 month duration requirement. See 20 C.F.R. §

404.1509 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months"). Plaintiff was diagnosed with leukemia and atrial fibrillation in September-October 2014, and medication side effects did not begin until December 2014. The hearing in this case was held on April 7, 2015, the ALJ decision was issued May 11, 2015, and the Appeals Council denied review on September 23, 2015. The Commissioner asserts that Plaintiff experienced side effects for at most five months, but cites no evidence and offers no explanation for this assertion, nor does it address whether those side effects would be "expected to last for a continuous period for at least 12 months" as the regulation provides. Additionally, the ALJ never addressed the duration requirement in her decision. Plaintiff correctly notes that the Court is constrained to review only the reasons the ALJ asserts. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003). Plaintiff testified at the hearing that he has to take his CML medication for the rest of his life (AR 65), but there is no medical opinion in the record addressing how long Plaintiff will have to take his medications and whether the side effects he has been experiencing since December 2014 are likely to continue for 12 months through December 2015. The ALJ had a duty to fully develop the record to assure the Claimant's interests are considered, Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001), particularly here where the Claimant was unrepresented by counsel through the hearing stage and expressed his lack of understanding of the process. (AR 46-47, 51, 306.) The Court therefore is remanding for further proceedings on the duration requirement.

## ORDER

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this case for further proceedings in accordance with this Memorandum Opinion and Order and with law.

DATED: August 29, 2016                    /s/ John E. McDermott
                                          JOHN E. MCDERMOTT
                                          UNITED STATES MAGISTRATE JUDGE