UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED D. JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, <br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No. SACV 15-1959-JEM <br><br> MEMORANDUM OPINION AND ORDER <br> RE: ATTORNEYS' FEES |

**I. INTRODUCTION**

On August 29, 2016, this Court reversed the decision of the Commissioner of Social Security denying benefits to Alfred D. Johnson ("Johnson" or "Plaintiff") and remanded the case to the Commissioner for payment of benefits. Subsequently, the Commissioner determined that Johnson was entitled to past due benefits in the amount of $31,900.00.

Now before the Court is the motion of Plaintiff's counsel Brian C. Shapiro ("Shapiro") of the Law Offices of Lawrence D. Rohlfing for attorney's fees permitted under the Social Security Act, 42 U.S.C. § 406(b). Pursuant to the parties' stipulation and the order of this Court, Plaintiff's counsel previously received $3,875.00 in fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), paid by the government. Section 406(b), however, permits an award of fees from the benefits received by Plaintiff. In

accordance with a contingent fee agreement signed by Johnson, counsel seeks an order awarding him $7,900.75. Typically, the Court would order counsel to reimburse Plaintiff the EAJA fees awarded in this case. The Court awarded EAJA fees in the amount of $3,875.00 on November 17, 2016. However, the Treasury Department confiscated the EAJA award to offset Plaintiff's child support payment. (Shapiro Decl., ¶ 8; Ex. 5.)

The Commissioner filed a response, which did not assent or object to § 406(b) fees. The Commissioner was not a party to the contingent fee agreement between Johnson and Shapiro, and offered an analysis of the fee request in his role "resembling that of trustee" for Plaintiff. Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002).

## II. APPLICABLE LAW

42 U.S.C. § 406(b)(1) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

In Gisbrecht, the United States Supreme Court gave this guidance in determining the reasonableness of § 406(b) fees:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits . . . . Within the 25 percent boundary, . . . . the attorney for the successful

|   |   |
|---|---|
| 1 | claimant must show that the fee sought is reasonable for the services |
| 2 | rendered. |

Gisbrecht, 535 U.S. at 807 (footnotes omitted).

The Ninth Circuit in Crawford v. Astrue, 586 F.3d 1142 (9th Cir. 2009), applying Gisbrecht, instructed that district courts must look to the fee agreement and test it for reasonableness by examining whether the amount needs to be reduced. Id. at 1149. District courts "may properly reduce the fee for substantial performance, delay, or benefits that are not in proportion to the time spent on the case." Id. at 1151 citing Gisbrecht, 535 U.S. at 808. Lodestar computations are considered as an aid in assessing the reasonableness of the fee. Gisbrecht, 535 U.S. at 808.

### III. DISCUSSION

Johnson signed a standard 25% contingent fee agreement with Shapiro, the maximum allowed by 406(b). There is no basis for finding any fraud or overreaching in the making of the agreement.

25% of Plaintiff's awarded past benefits of $31,900 is $7,975.00. Shapiro seeks $7,900.75, less than 25 percent of Plaintiff's past due benefits. The Law Offices of Lawrence D. Rohlfing expended 20.1 hours of attorney time at $190.89/hour ($3,836.89) and 3.60 hours of paralegal time at $125/hour ($450.00) for a total of $4,286.89 for 23.7 hours. (Shapiro Decl., ¶ 5, Ex. 4.) The fee amount requested would be an effective hourly rate of approximately $333.37 per hour for 23.7 hours. The hourly rate recovered is within the range of awards in other 406(b) cases, including Crawford, 586 F.3d at 1153 (approving contingent fee awards that resulted in effective hourly rates of $875 and $902).

Neither the character of the representation nor the results achieved suggest that the fee sought is unreasonable. Shapiro was not responsible for any delay in the case.

The Court concludes that the fee sought is reasonable for the services rendered.

///

///

## IV. DISPOSITION

**IT IS HEREBY ORDERED** that the motion for attorney's fees is granted. The Court hereby awards to Brian C. Shapiro attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $7,900.75. Shapiro shall not reimburse Alfred D. Johnson the amount of $3,875.00 for EAJA fees previously paid by the Commissioner because the EAJA fees were never received, but were taken by the Treasury to satisfy Alfred D. Johnson's other obligations.

**IT IS SO ORDERED.**

Dated: November 28, 2017

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE